### REUBEN FOX *vs.* ENOCH SACKETT.

If, in an action to recover damages for an injury sustained from a collision with a wagon left standing in a highway by the defendant, the evidence shows that the plaintiff had seen the obstruction there on the day of the accident, that he was accustomed to drive horses, and that the accident happened while he was driving a gentle horse in a dark evening on a slow trot, looking out on one side of the horse for a blanket which he had shortly before lost from his wagon, and his companion was looking for the blanket on the other side, and neither of them saw the defendant's wagon before the collision, it cannot be held as a matter of law that the plaintiff was so careless as to preclude his recovery, but the question should be submitted to the jury.

TORT to recover damages for an injury to the plaintiff's person and property, sustained by coming in collision with a wagon left by the defendant in a highway in Westfield.

At the trial in the superior court, before *Wilkinson, J.,* it appeared that on the 2d of November 1860, at the place of the accident, which was opposite to the defendant's barn, the highway was twenty-six feet wide, with a steep bank on the east side and a fence on the west. At the foot of the bank there was a pile of wood, and two large wood wagons stood west of the pile, the wheels of which were in the road. On the west side of the road there was a quantity of old timber. It was not disputed, at the argument, that these obstructions were put there by the defendant.

On the evening of the day referred to, the plaintiff, who was accustomed to drive horses, and was acquainted with the road, and had seen the wagons in it that afternoon, passed by in a wagon, driving a gentle horse, accompanied by one Meacham, on his way to Granville. When about a quarter of a mile past the place of the accident he missed a blanket, with a white lining, from his wagon, and drove back to look for it. The evening was dark. He drove back on a slow trot, Meacham looking out for the blanket on the west side of the horse, and the plaintiff on the east side. He did not see the wood wagons until the collision from which the injuries were received.

Upon this evidence, the judge ruled that the plaintiff had failed to prove that he was in the exercise of due care, and

directed a verdict for the defendants, which was accordingly rendered; and the plaintiff alleged exceptions.

*W. G. Bates & M. B. Whitney*, for the plaintiff.

*N. T. Leonard & E. B. Gillett*, for the defendant.

BIGELOW, C. J. It seems to us that there was positive evidence in this case of due care on the part of the plaintiff, which ought to have been submitted to the jury. It is only when there is an entire absence of any facts to authorize the inference that the plaintiff was conducting himself with reasonable prudence and discretion, or the undisputed facts of a case prove actual negligence, that a case like the present should be withdrawn from the consideration of the jury. Such was not the state of the evidence at the trial. On the contrary, it appeared that the night was dark, that the horse of the plaintiff was gentle, that he was driving at the time of the accident on a slow trot, and that he and his companion were each looking out of the plaintiff's vehicle on the sides of the road at the time the collision took place. These facts were all competent, and had a direct tendency to show that the accident resulted solely from the obstruction of the road by the wagons of the defendant.

Besides; it appears that the wheels of one of these wagons against which the vehicle of the plaintiff struck was in the travelled track on one side of the road, in a position which might well cause an accident to a person using the highway, in the exercise of due care. The fact that the plaintiff had seen the wagon in the same place in the course of the day and before the accident happened does not necessarily show that he was wanting in due care. *Snow* v. *Housatonic Railroad*, 8 Allen, 450. *Reed* v. *Deerfield*, Ib. 522. Especially in this case, where the obstruction was unlawful, the plaintiff had just ground to suppose that it would be removed before nightfall.

*Exceptions sustained.*